## SUPREME COURT.

### ANN E. LEGGETT agt. WILLIAM D. SLOAN.

A judgment creditor having *supplementary proceedings* pending, is not entitled to *eight* days' notice of an application for a receiver by *another creditor*. A less notice is sufficient.

*New York General Term, February*, 1863.

SUTHERLAND, INGRAHAM and CLERKE, *Justices*.

THIS was an appeal by Charles Brower from an order appointing a receiver in supplementary proceedings in above action, on the ground that, as a judgment creditor having supplementary proceedings pending, he was entitled to eight days' notice of an application for a receiver, by another creditor, and that a less notice was insufficient.

E. C. D. KITTRIDGE, *for appellant*.
DANIEL W. BALDWIN, *for respondent*.

By the court, CLERKE, Justice.—As to the objection that the notice to the other judgment creditors was too short :

The application to appoint a receiver under supplementary proceedings is not a motion, within section 402 of the Code. Section 298, which authorizes the judge to appoint a receiver under these proceedings, directs him, if practi-

-cable, to ascertain if other supplementary proceedings are ·pending against the judgment debtor ; and · if. such pro ceedings are pending, the plaintiff therein shall have notice to appear before him, &c.

This notice is not a notice of. motion to the plaintiff in the other proceedings, but a notice to appear, in . order that he may have an opportunity of showing that a receiver in his proceedings has been appointed, and that the judge may be governed accordingly in the selection of a receiver in the proceedings pending before him.

Order affirmed with costs.

'SUTHERLAND, P. J., concurred.

———◆◆———

NOTE.—In the case of *Richardson* agt. *Brooklyn City & Newtown R: R. Co.*, *ante, p.* 321, the *head note* was made hastily, and is broader than the decision of the court will authorize. All that the court decided in that case, and which should be considered as the correct head note, is as follows :

On substitution of attorneys, where the plaintiff has assigned the judgment without notice to his attorney, an order of reference has been made by the court to ascertain the amount of the original attorney's lien on the judgment to the amount of his *taxed costs*, and the attorney moves to amend the order of reference by extending.it to his claim for a lien beyond the taxed costs, but does not show any *special agreement* with the plaintiff to that effect, his motion to amend will be denied, without prejudice to his lien or right, if he has any beyond the taxable costs, on or to the judgment on the final recovery, as against the assignee of the judgment.